Complainant's bill and supplemental bill of complaint seeks injunctive relief against the defendants from using or divulging the secret manufacturing processes owned by the complainant. The complainant is engaged in the business of processing plastic materials of all kinds under new secret metallizing methods and processes, used in the manufacture and processing of flexible and unbreakable reflectors, switch plates, rear view mirrors, buttons, ornamental jewelry, insignia and many other objects of commercial value, with what it claims to be unique and unrivaled result.
The right to relief as to the defendants Joseph Herman and John G. Seiler is grounded on their written agreements; and *Page 595 
as to the defendant Leo DeGirarde, on his oral contract, by which each agreed not to divulge, or use for the benefit of any other person the trade secrets, or secret processes of manufacture, secret formulae, methods of spraying, packing or shipping, used or employed by the employer, in and about its processing and manufacturing business, and that may be communicated to him by virtue of his employment, and by which written agreement Herman and Seiler further agreed not to enter the employ, directly or indirectly, for ten years of any other person, partnership, or corporation, engaged in the business of processing or metallizing plastics.
The relief prayed against the remaining defendants is based upon the equitable principle that persons who induce an employee to disclose a secret process either knowing of his contract not to disclose the same, or knowing that his disclosure is in violation of the confidence reposed in him by his employer, will be enjoined from making any use of the information so obtained, although they might have reached the same result independently by their own experiments or efforts. Stone v. Goss, 65 N.J. Eq. 756,759; 55 Atl. Rep. 736.
Joseph Herman, Leo DeGirarde, John G. Seiler, Louis A. Levy, Minnie Herman and Gertrude DeGirarde are brought into the case by the original bill of complaint and filed joint formal answer. Their only defense is confined to the claim that the complainant's processes are in the "public domain" and commonly used. The defendants Emily E. Lepinsky (Gertrude DiGirarde's mother, and Leo DeGirarde's mother-in-law) and Rose Herman (another sister of Joseph Herman) were brought in under the supplemental bill. These defendants filed no answer.
Briefly stated, complainant's secret process achieves a durable and lustrous metallization of any color or tint, on any kind of plastic, by a process which may be summarized to be first preparation, including specially designed machinery, next application and finally fixation. The process was the discovery of one Max Blank who assigned his secret process and formulae to the complainant. The methods employed by complainant are called "flexmirizing." *Page 596 
The evidence establishes beyond question that Joseph Herman and John G. Seiler violated their written contracts, and that Leo DeGirarde violated his verbal agreement. In the case of DeGirarde there was also an implied contract from the confidence reposed in him by the complainant not to disclose the secret processes, formulae and type of machinery used by the complainant in its business. And as to the remaining defendants relief will be granted to complainant upon the ground that they, by the evidence induced the defendant employees of complainant to disclose the secret process, knowing of the contract of these defendants not to disclose the same, and knowing that such disclosure was in violation of the confidence reposed in such defendants by complainant. Stone v. Goss, supra; Club Razor and BladeManufacturing Corp. v. Bindzsus, 131 N.J. Eq. 283, 288;25 Atl. Rep. 2d 31; affirmed, 133 N.J. Eq. 38; 30 Atl. Rep. 2d31.
It is a well settled principle of the law that one who discovers and keeps secret a process of manufacture, whether patentable or not, has a property therein which the court will protect against one who, in violation of contract and breach of confidence, undertakes to apply it to his own use or to disclose it to a third person. Irvington Varnish, c., Co. v. VanNorde, 138 N.J. Eq. 99, 102; 46 Atl. Rep. 2d 201.
When Herman and Seiler entered complainant's employ they admittedly had no knowledge of any of the processes of the complainant as is evidenced by their agreement in writing herein above mentioned. Leo DeGirarde possessed no knowledge of complainant's machinery or processes until he was called in by the complainant to make electrical installations. Before being permitted to do any work DeGirarde was required to agree not to make use of, or divulge information which he might gain from complainant, its machinery, equipment or processes. Relying on his assurance not to do so he was given access to the plant at all hours of the day and night.
The defendant Levy trading as Interstate Products Co. was a customer of complainant who bought buttons and other objects to be metallized by its processes. He met the other defendants in the course of his business with complainant. *Page 597 
Later, Herman, Seiler and DeGirarde offering various excuses, such as sickness, discontinued their employment, and shortly thereafter in August, 1943, Levy suddenly discontinued doing business with the complainant. Then events happened. Herman and DeGirarde incorporated Spray-Cote Corp., and established a place of business at 106 Livingston Street, Newark, and engaged in metallizing plastics. Herman's contribution to the new corporation and that of DeGirarde was an assignment to the company of "secret processes" which they alleged themselves possessed of for metallizing plastics, and in September, 1943, until a date which remains undisclosed, Levy became their customer for metallizing objects which he brought to the company.
Pursuing their unlawful purpose further, in November, 1944, another concern known as the Joleo Company operating secretly at 173 Central Avenue, Orange, which at the hearing was claimed to be owned by the defendant Minnie Herman, a sister of Joseph Herman, and Gertrude DeGirarde, the wife of Leo DeGirarde, went into the business processing plastics. The name "Joleo," Jo (Herman) and Leo (DeGirarde) is more than significant. The partnership did not file a partnership name, nor did it prominently display its name or the kind of business it was engaged in.
Again there came into existence quite secretly a new partnership consisting of Emily E. Lepinsky, Leo DeGirarde's mother-in-law, and Rose Herman, another sister of Joseph Herman, with money furnished by Levy. This new venture was installed at 332 Mulberry Street, Newark. Levy advanced what he termed as a loan $2,150 for which he obtained no security nor evidence in writing, and the loan was not repaid according to Levy's testimony. The two latter ventures in which all of these defendants were engaged to filch the processes, secret formulae, machinery, c., of complainant occurred after the original bill of complaint was filed and with undoubted knowledge of the outstanding preliminary injunction. See Flexmir v. Herman,40 Atl. Rep. 2d 799.
The defendants by experts offered testimony that there are periodicals dealing with electronics, chemistry, molded compositions, plastics, and the like, and that many laboratories *Page 598 
are equipped with cathode sputtering devices for sputtering of metals onto the surfaces of many articles; that the cathode sputtering of metals is much in use. But it is the difference between the methods and apparatus used by this complainant and the methods and apparatus described in literature which constitute complainant's secret process. Flexmir uses electric power in the course of metallizing plastics and uses various substances used by others, but this does not deprive complainant of its right to maintain the secrecy of its own process.
Injunction will issue against all of the defendants.